**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Irina Grakova,

Petitioner,

v.

Chris Howard,

Respondent.

No. CV-26-00974-PHX-MTL (DMF)

**ORDER**

**I.**

Petitioner, a native and citizen of Russia, entered the United States and was detained on April 22, 2024. (Doc. 1 at 6.) She filed an asylum application on July 3, 2024, which was denied by an Immigration Judge. (*Id.* at 9-30.) Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals on July 2, 2025. (*Id.* at 32-34.) Her appeal was dismissed on March 18, 2026, and Petitioner filed a Petition for Review and Stay Removal Proceedings with the Ninth Circuit. (*Id.*)

On February 11, 2026, while her appeal with the Board of Immigration Appeals was pending, Petitioner filed this habeas corpus action challenging her immigration detention. (Doc. 1.) She argues that her detention violates her due process rights, that she is being detained for an unreasonable period, that her detention is arbitrary and capricious, and that she is entitled to relief because of her health condition. (*Id.*) On July 17, 2026, Petitioner filed a motion requesting expedited consideration of her petition and an immediate ruling. (Doc. 8.)

**II.**

**A.**

As far as Petitioner alleges that her detention violates her due process rights In Ground One, she is mistaken. The government began removal proceedings against Petitioner under procedures set forth in the Immigration and Nationality Act ("INA"). An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process because she was afforded the procedural protection of the INA. These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution.

**B.**

In Ground Two, Petitioner argues that her detention is unlawful because she is being held for an unreasonable period. Petitioner's purported continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot affect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under

§ 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

Respondent filed a Notice of Pending Removal, indicating that Petitioner is scheduled to be removed from the United States. (Doc. 9.) The Court therefore finds that Petitioner has failed to show "good reason" to believe that her removal is not significantly likely to occur in the reasonably foreseeable future. The Court therefore finds that continued detention is not unreasonable.

**C.**

The Court also rejects Ground Three, where Petitioner claim her detention violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), because it is arbitrary and capricious. Petitioner cannot assert an APA claim. Under 5 U.S.C. § 704 (emphasis added), "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." By bringing a habeas petition, Petitioner has an adequate remedy in court, so she cannot also bring an APA claim. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (stating that "habeas corpus, not the APA," was the "proper vehicle" for claims involving alien transfers because § 704 provides that "claims under the APA are not available when there is another adequate remedy in a court" (quotation marks omitted)); *see also id.* at 672 (majority opinion) (per curiam) (describing the claims as "within the 'core' of the writ of habeas corpus and thus must be brought in habeas").

Even on the merits, however, Petitioner's claim fails. Because Petitioner was classified and treated as the INA requires, the government has not acted arbitrarily or capriciously. *See F.C.C. v. NextWave Personal Commc'ns Inc.*, 537 U.S. 293, 300 (2003) ("The Administrative Procedure Act requires federal courts to set aside federal agency

action that is '*not* in accordance with law . . . .'" (emphasis added) (quoting 5 U.S.C. § 706(2)(A))).

**D.**

With respect to Petitioner's claim in Ground Four that her detention has caused her health condition to deteriorate, this does not provide a basis for federal habeas corpus relief. "[A] habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024); *accord Pinson v. Carvajal*, 69 F.4th 1059, 1069 (9th Cir. 2023) (holding that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement").

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This case is dismissed.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite Consideration and Request for Immediate Ruling (Doc. 8) is **DENIED** as moot.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 4th day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge